**NOT FOR PUBLICATION**

**CL**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| MALISSA BUCCA, | : |
| Petitioner, | : |
| | : Civ. A. No. 08-998 (SRC) |
| v. | : |
| | : **OPINION** |
| UNITED STATES OF AMERICA, | : |
| Respondent. | : |

**Chesler, U.S.D.J.**

This matter comes before the Court on *pro se* Petitioner Malissa Bucca's motion to modify her sentence pursuant to Title 28 of the United States Code, Section 2255. The Court has considered the papers filed in support of and in opposition to the motion, and for the reasons discussed below, the Court denies Petitioner's motion for reduction in sentence.

**I. Background**

On September 19, 2005, the government filed a Complaint in this Court charging Petitioner and two co-defendants with conspiring to distribute and possess with intent to distribute oxycodone, in violation of Title 21 of the United States Code, Sections 841 and 846.

On October 3, 2006, Petitioner agreed to enter a plea agreement with the government. In her application for permission to enter a plea of guilty, Petitioner reported that she completed "some college", she was employed as an assistant to a promotional development company, that

she had never been a patient in a mental hospital or institution, and that she was not mentally ill or incompetent. On October 24, 2006, under the terms of the plea agreement, Petitioner pled guilty to one count of distribution of oxycodone. Petitioner also entered a factual stipulation that the offense involved 9,600 milligrams of oxycodone.

On February 26, 2007, Petitioner appeared before this Court for sentencing. At the hearing, Petitioner's attorney argued the Court should grant Petitioner a third point for her acceptance of responsibility because she saved the government the time and effort of preparing for trial by pleading guilty early in the process. (Tr. at 3:9-14). Petitioner's attorney also argued the Court should grant Petitioner an additional downward departure based on her "extraordinary family circumstances," explaining that no other family members would be available to care for her two children. (Tr. at 4:11-5:15). Petitioner's attorney also asked the Court to consider Petitioner's limited involvement in the conspiracy; that her involvement amounted to "essentially aberrant behavior"; and that Petitioner's previous convictions were for "rather minor" infractions more than nine years before this crime, and therefore Petitioner's criminal history should be considered category one rather than category two. (Tr. at 5:16-7:5). Finally, Petitioner's attorney advised the Court that Petitioner had been "regularly and faithfully" attending therapy to address her "anger management issues." (Tr. at 6:6-12). Petitioner also spoke on her own behalf. She apologized and acknowledge that she "made a mistake." (Tr. at 8:1-4).

In response, the government argued Petitioner had failed to accept responsibility, asserting that Petitioner's description of her involvement was incredible and that she refused to provide any financial documentation, such as tax returns or pay stubs, to Probation. (Tr. at 8:17-11:17). Therefore, the government argued that Petitioner should not be granted a two-point

reduction in sentence, and the government further argued that the additional third point required a motion by the government, which it refused to offer. (Tr. at 11:18-12:19). The government also opposed all of Petitioner's other reasons for downward departure. (Tr. at 12:20-13:21).

The Court concluded that Petitioner understood that she had committed a crime and, although the Court found Petitioner's version of her involvement in the conspiracy "extremely problematic," the Court nevertheless awarded Petitioner a two-point downward departure for acceptance of responsibility. (Tr. at 21:6-12). However, the Court refused to grant Petitioner a third point for acceptance of responsibility, explaining that it "would never agree to give [Petitioner] that additional consideration." (Tr. at 21:18-19). The Court further held that it did not have the authority to grant a third point without a motion by the government. (Tr. at 21:14-16).

The Court also noted the Pretrial Services Office had referred Petitioner to psychiatric counseling, but that Petitioner "was not a model in terms of seeking or obtaining assistance[.]" (Tr. at 23:17-22). The counseling agency reported that Petitioner was "extremely guarded" and that she "blame[d] Pretrial Services for all of her problems." (Tr. at 23:22-25).

After considering all of the factors presented, as well as those set forth in Title 18 of the United States Code, Section 3553, including Petitioner's "relative lack of contact with the criminal justice system," and the possibility that her conduct may have been influenced by her husband, the Court concluded that a sentence at the bottom of the guideline range was appropriate. (Tr. at 25:9-15). Ultimately, the Court calculated Petitioner's guideline offense level to be twenty-two, awarded a two-point downward adjustment for acceptance of responsibility, reducing her guideline offense level to twenty, and criminal history category II.

The corresponding sentencing guideline range was thirty-seven to forty-six months. The Court sentenced Petitioner to thirty-seven months, the very bottom of the range, and three years of supervised release. (Tr. at 25:9-21). The Court also imposed a $7,500 fine.

On February 21, 2008, Petitioner filed this petition for relief, seeking reduction in her sentence based on her acceptance of responsibility and because she received ineffective assistance of counsel.

## II. Discussion

Petitioner first argues the Court should grant her a third point for her acceptance of responsibility pursuant to United States Sentencing Guidelines, Section 3E1.1(b) and reduce her sentence accordingly. The government contends that Petitioner failed to appeal her sentence and therefore, she is precluded from seeking such relief pursuant to Section 2255. Petitioner states in her motion that she "was not aware" that she could have filed a direct appeal and that she was "told" that she was "not allowed" to file a direct appeal. (Filed at docket item 1-5, pp. 3, 4, 7). In Petitioner's brief in support of her motion she explains that: "On the day of my sentencing I was unaware that I could have appealed my case and when I asked my lawyer, he said no an appeal wouldn't change anything or make a difference." (Filed at docket item 1).

The government is correct that "[a]s a general rule, the failure to raise a nonconstitutional or nonjurisdictional claim on direct review has long precluded assertion of the claim in a collateral proceeding." *Brennan v. U.S.*, 867 F.2d 111, 117 (2d Cir. 1989). Where a defendant seeks to obtain collateral relief for an alleged error by the trial court that was not directly appealed, the petitioner "must show both (1) 'cause' excusing his [or her] . . . procedural default,

and (2) 'actual prejudice' resulting from the errors of which he [or she] complains." *U. S. v. Frady*, 456 U.S. 152, 167-68 (1982).

Petitioner fails to meet this standard. First, Petitioner has not presented valid cause for failing to file an appeal. Petitioner's assertion that she "was not aware" that she could have appealed her sentence is without merit because the Court advised Petitioner at the sentencing hearing of her right to appeal her sentence. (Tr. at 28:14-22). The Court further advised Petitioner that if she could not afford to pay the costs of filing an appeal she could request that the Clerk of Court file an appeal on her behalf. (Id. at 28:16-19). The Court also directed Petitioner's attorney to continue to represent her through the time required to file an appeal. (Id. at 28:20-22). Accordingly, Petitioner cannot now claim that she was not aware that she could directly appeal her sentence.

Moreover, Petitioner cannot demonstrate that she suffered actual prejudice from the Court's refusal to grant a third point for her acceptance of responsibility. At Petitioner's sentencing hearing her attorney asked the Court to grant Petitioner a third point for her acceptance of responsibility pursuant to U.S.S.G. § § 3E1.1(b), which provides that:

> If the defendant qualifies for a decrease under subsection (a), the offense level determined prior to the operation of subsection (a) is level 16 or greater, ***and upon motion of the government*** stating that the defendant has assisted authorities in the investigation or prosecution of his [or her] own misconduct . . . permitting the government and the court to allocate their resources efficiently, decrease the offense level by 1 additional level.

As the Court explained at sentencing, the Court does not have the authority to award a third point pursuant to U.S.S.G. § 3E1.1(b) because the government did not move for the award of an additional point. Since the Court did not have the authority to award Petitioner an additional

-5-

point, she cannot demonstrate any prejudice. Accordingly, Petitioner is precluded from seeking a correction in her sentence pursuant to Section 2255.

Petitioner also argues that she was improperly sentenced because her attorney failed to provide adequate counsel, setting forth several reasons. Petitioner contends her attorney: (1) did not inform her at sentencing that she had the right to file an appeal; (2) failed to present information that was favorable to her, such as character references, and never advised her that she could submit a letter of remorse; (3) did not discuss with her the importance of the Presentence Report; and (4) did not raise the issue of diminished capacity based on Petitioner's family issues present at the time of the offense. The Court notes that Petitioner does not ask the Court to vacate or set aside her conviction, she only asks the Court to correct her sentence. The government argues Petitioner's arguments are without merit.

A court reviewing a claim of ineffective assistance of counsel, even where a defendant pled guilty, must consider the allegations under the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). *Hill v. Lockhart*, 474 U.S. 52, 58 -59 (1985). Accordingly, a petitioner asserting her attorney was ineffective must demonstrate: (1) "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the [petitioner] by the Sixth Amendment," and (2) that the deficient performance prejudiced the petitioner. *Strickland*, 466 U.S. at 687; *U.S. v. Booth*, 432 F.3d 542, 546 (3d Cir. 2005).

To satisfy the first prong of the test, Petitioner must show that her counsel's assistance fell below an objective standard of reasonableness considering all the circumstances. *Strickland*, 466 U.S. at 687-88. The second prong, "in the context of the plea process 'focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process.'"

*Booth*, 432 F.3d at 546 (quoting *Hill*,474 U.S. at 58).  Thus, to establish prejudice, Petitioner "must demonstrate that, but for [her] trial attorney's alleged ineffectiveness, [s]he would have likely received a lower sentence."  *Id.* at 546-47.

As a general matter, counsel is deemed effective if, considering all the circumstances of the case, his performance is reasonable under prevailing professional norms.  *Strickland*, 466 U.S. at 688.  Counsel's conduct is not to be assessed through the distorting lens of hindsight, or deemed ineffective because the ultimate result was unsatisfactory to the petitioner.  *Id.* at 689; *Zettlemoyer v. Fulcomer*, 923 F.2d 284, 296 (3d Cir. 1991).

In this case, Petitioner cannot satisfy the two-step *Strickland* test.  First, Petitioner's allegation that she did not know that she could file an appeal is without merit.  As noted above, the Court advised Petitioner at sentencing of her right to appeal.

Next, Petitioner argues that her attorney failed to present her character references at sentencing, he advised her that there was no need for her to speak at sentencing, and he never informed Petitioner that she could write a letter of remorse.  Contrary to Petitioner's claims, the record indicates that Petitioner was provided opportunity to address the Court and that she used the opportunity to express her remorse, apologizing and acknowledging that she "made a mistake."  (Tr. at 8:1-4).  Petitioner's attorney also filed a lengthy and detailed sentencing motion and argued vigorously for downward departures at the sentencing hearing, setting forth several reasons, including Petitioner's family circumstances, that her crime constituted aberrant behavior, that she played a minimal role in the crime, and that her criminal history was overstated in the presentence report.

Although Petitioner's character references were not presented at the sentencing hearing,

-7-

Petitioner fails to demonstrated that, "but for [her] trial attorney's alleged ineffectiveness, [s]he would have likely received a lower sentence."  *See Booth*, 432 F.3d at 546-47.  Indeed, contrary to the government's request to deny Petitioner any credit for acceptance of responsibility, Petitioner and her counsel convinced the Court to grant her a two-point downward departure, and the Court sentenced Petitioner to the minimum sentence under the applicable guideline range.

Similarly, Petitioner's argument that her attorney failed to explain the importance of the presentence report does not satisfy the *Strickland* test.  Petitioner does not explain what, if any prejudice she suffered as a result of counsel's alleged failure to explain the importance of the presentence report.  *See Booth*, 432 F.3d at 546-47.

Finally, Petitioner argues her attorney provided ineffective counsel because he "never discussed diminished capacity," explaining that he "never brought up" the fact that Petitioner and her son were receiving psychological counseling, nor did her attorney mention the "family issues that were taking place at the outset of the offense."  However, Petitioner fails to set forth how her attorney's decision not to pursue such a defense fell below an objective standard of reasonableness.  *See Strickland*, 466 U.S. at 687-88.

The Court notes that Petitioner's attorney did ask the Court to consider Petitioner's family circumstances, explaining that she has two young children, that the father of her children was incarcerated, and that she did not have any other relatives available to care for her children.  Petitioner's attorney also advised the Court that she had "been undergoing therapy . . . attending it regularly and faithfully . . . . [and] doing whatever she can do to get her life on the right track."  (Tr. at 7:8-15).  Additionally, in Petitioner's application for permission to enter a guilty plea, she advised the Court that she had completed some college, had never been a patient in a mental

-8-

hospital, and was not mentally ill or incompetent.  The Court took note of Petitioner's psychological counseling and reviewed the report from the agency providing treatment, which indicated that Petitioner's "symptoms and difficulties long predate her current situation."  (Tr. at 23:17-25).

The Court also acknowledged that Petitioner's husband was more deeply involved in the crime than Petitioner, but nevertheless found that this did not absolve Petitioner from her responsibility not to engage in criminal conduct.  To the extent Petitioner may be referring to her gambling habits, the Court addressed that as well, and ordered Petitioner to participate in a mental health program for evaluation and or treatment for gambling addiction, and as otherwise directed by the Probation Office.

The only issue Petitioner presents in this motion that was not addressed at her sentencing is the statement that her children were also receiving psychological counseling.  However, this does not demonstrate that Petitioner suffered from diminished capacity.  In short, Petitioner fails to set forth how her attorney's decision not to argue that she suffered from diminished capacity fell below an objective standard of reasonableness considering all the circumstances.  *See Strickland*, 466 U.S. at 687-88.

In this case, the Court need not hold an evidentiary hearing to address the issues presented by Petitioner.  The Court has the discretion to determine whether an evidentiary hearing is necessary when a defendant claims that she received ineffective assistance of counsel.  *Gov't of Virgin Islands v. Bradshaw*, 726 F.2d 115, 117 (3d Cir. 1984).  "In exercising that discretion, however, the district court must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record."  *Id.*  (citing *U.S. v. Williams*, 615 F.2d

585, 591 (3d Cir.1980)).  To determine whether the non-frivolous allegations "conclusively fail to show ineffective assistance of counsel" the Court must consider both prongs of the *Strickland* test.

In a case such as this one, where the allegations "clearly fail[] to demonstrate either deficiency of counsel's performance or prejudice" to Petitioner,  a hearing is not necessary.  *U.S. v. Dawson*, 857 F.2d 923, 927-28 (3d Cir. 1988).

### III.  Conclusion

For the reasons set forth above, Petitioner's motion for a reduction in sentence is denied. An appropriate form of order will be filed with this Opinion.

                      s/ Stanley R. Chesler
                      Stanley R. Chesler
                      United States District Judge

Dated:   May 20, 2008